## No. 548
## BETTNER & BETTNER v. ZECK

Ohio Appeals, 1st Dist., Hamilton County
No. 2174.   Decided June 18, 1923

This opinion has not been published except in Abstract.

**LEASE—Must be recorded, except bona fide purchasers and knowers of their existence—(2) Peoples B. L. & Sav. Co. v. McIntyre followed.**

Cushing, Buchwalter and Hamilton, JJ.

**PER CURIAM.**

Epitomized Opinion

Katie Zeck brought action in the Municipal Court ofCincinnati, in forcible entry and detainer. The facts are that on January 20, 1919, the then owner of the property entered into a written lease with the Bettners for five years from Jan. 31, 1919. The lease was not recorded. Zeck purchased the property Dec. 15, 1921. Prior to the expiration of three years from the date of the lease, she notified the Bettners to vacate the premises, which was not done, and they remained in the property until the expiration of the fourth year after the date of the lease. The action was brought and the premises were surrendered by the Bettners. It is claimed that they were entitled to hold the property for five years, as their occupancy of the premises was notice that they had a right in the premises. The Court of Appeals held:

1. Section 8543 GC. provides that written instruments like this lease until recorded or filed for record, are fraudulent as to subsequent bona fide purchasers without knowledge and it was not recorded until January 9, 1922, some time after the purchase of the property by Zeck.

2. This case falls within the rule stated in the opinion of this court in Peoples B. & L. Co. v. McIntyre, decided May 16, 1921.

The judgment of the court below will be affirmed.

Attorneys—Frank H. Kunkel and Edward C. Everett, for Zeck; Clarence A. Schneiders, contra.

## No. 549
## FINKELSTEIN et al v. CLEVELAND (City)

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4366.   Decided May 7, 1923

opinion has not been published except in Abstract.

**CRIMINAL LAW—(1)—Changing street cars unnecessarily—(2) No unlawful act—(3) Joint conviction, quaere.**

Vickery, Sullivan and Levine, JJ.

**PER CURIAM.**

Epitomized Opinion

Finkelstein and one Tellinger were convicted in the Municipal Court under the suspicious person ordinance and sentenced to the workhouse, and error is here prosecuted from the judgment.

The evidence showed that in two or three different instances these men were in a crowd and were apparently attempting to get upon a street car where there was a crowd, then leaving the car and going to another, and doing the same thing perhaps two or three times.   The Court of Appeals held:

1. People in Cleveland, during rush hours in the down town congested district, frequently attempt to get on to one car, then withdraw and try another, and oftentimes try two or three cars before getting on one, and there is nothing in the record to show they were not doing this.   There is not a particle of evidence to show they intended to or made any effort towards pocket picking, or doing anything unlawful, and their conduct is perfectly reconcilable with innocence.

2. Just how they could be convicted jointly is another question which is rather difficult to understand.

We think the case must be reversed, because there is an absolute want of evidence to any intent to do an unlawful act.

Attorneys—Rocker & Schwartz, for Finkelstein; Lee E. Skeel, for the City.

## No. 550
## McNEELEY v. CLEVELAND (City)

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4716.   Decided July 2, 1923

This opinion has not been published except in Abstract.

**TRAFFIC VIOLATIONS—(1) Insufficient evidence to warrant a conviction for speeding.**

VICKERY, P. J.:

Epitomized Opinion

McNeeley was convicted in the Municipal Court of Cleveland for driving an automobile at the rate of 50 or 60 miles an hour through the streets of the City of Cleveland.   A traffic officer testified that McNeeley had passed him while driving at a rate of 50 or 58 miles an hour.   The policeman also identified the car and also McNeeley as being the driver of the car.   On the other hand, McNeeley testified, as did two other witnesses, that his car was stolen from in front of a friend's home while he was spending the evening.   The evidence also tended to show that the abandoned car was found in Lakewood the next day. As the trial judge overruled a motion for a new tral, error was prosecuted to the Court of Appeals.   In reversing the judgment, the Court of Appeals held:

1. That the judgment was clearly against the weight of the evidence and for that reason the case must be reversed.

Attorneys—C. J. Benkoski, for McNeeley; Lee E. Skeel, for City of Cleveland.

## No. 551
## GRUSZECZYNSKI v. PRZYBUROWSKI

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4493.   Decided June 18, 1923

This opinion has not been published except in Abstract.

**CONTEMPT PROCEEDINGS—(1) A sentence for contempt must be for a definite period of time.**

VICKERY, P. J.:

Epitomized Opinion

Przyburowski brought an injunction suit against Gruszeczynski to restrain him from transferring by sale or otherwise certain personal property in which Przyburowski claimed an interest.   As Cruszeczynski went ahead and disposed of the property he was brought before Judge Kramer of the Common Pleas Court of Cuyahoga County for proceedings in contempt.   Defendant claimed that he transferred the property before the injunction was issued.   The court remarked that the defendant was undoubtedly guilty and fixed his bond at $3,000.   No judgment was ever rendered.   Later the defendant was sent to jail until he purged himself of contempt.   Later the defendant prosecuted error to the Court of Appeals. In reversing the judgment of the lower court, the Court of Appeals held:

1. As a sentence for contempt must be for a definite time, and within the limits allowed by the statute, a jail sentence until the guilty person purged himself of contempt was unlawful in that such a sentence might amount to imprisonment for life.

Attorneys—Hull & Hull, forGruszeczynski; J. S. Krajewski, for Przyburowski.